UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLAS HARRIS | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| JOHN DOE AND | * | MAGISTRATE |
| SCHNEIDER NATIONAL CARRIERS, INC. | * | |
| | * | **JURY TRIAL** |

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**PETITION FOR REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes defendant, SCHNEIDER

NATIONAL CARRIERS, INC., who alleges and avers, as follows:

1.

The above entitled case has been filed in the 21st Judicial District Court for the Parish of

Tangipahoa, State of Louisiana, Civil Docket Number 2018-0000590, Division "B", and is now

pending therein.  The original *Petition for Damages* was filed on February 23, 2018.

2.

Citation and a copy of the original *Petition for Damages* was served on SCHNEIDER

NATIONAL CARRIERS, INC., through its agent for service of process in Louisiana, on or

about March 6, 2018.

3.

The aforementioned suit is a civil action filed by Plaintiff, PLAS HARRIS.

4.

Plaintiff, PLAS HARRIS, seeks an award of damages against Defendants for injuries and

damages allegedly arising out of an automobile accident that occurred on or about March 1, 2017

in a parking lot in the Parish of Tangipahoa, State of Louisiana.  **Exhibit "A"**.

1

5.

Plaintiff, PLAS HARRIS, is, upon information and belief, persons of the age of majority and resident of and domiciled in the State of Louisiana.

6.

Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is a foreign corporation with its place of incorporation in the State of Nevada and its principal place of business is in the State of Wisconsin.

7.

Plaintiff, PLAS HARRIS, also named "John Doe" as a defendant, alleging that Mr. Doe was operating a vehicle owned by SCHNEIDER NATIONAL CARRIERS, INC. at the time of the accident at issue.  Plaintiff also alleges that Mr. Doe is of the age of majority domiciled in an unknown Parish in an unknown State.   Upon information and belief, that operator is an individual of the age of majority who resides and is domiciled in the State of Georgia.

8.

Defendant, SCHNEIDER NATIONAL CARRIERS, INC., alleges that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332, and that all Plaintiffs are diverse from all Defendants named in the *Petition for Damages* and, upon information and belief, that the alleged damages of Plaintiff, PLAS HARRIS, exceed $75,000.00, exclusive of interest and costs.

9.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely

exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

10.

Plaintiff's *Petition for Damages* alleges that "John Doe" was operating a vehicle while in the course and scope of his employment with SCHNEIDER NATIONAL CARRIERS, INC., and caused an accident in which Plaintiff, PLAS HARRIS, "suffered severe and grievous injuries which have required numerous doctor and other medical visits." **Exhibit "A"**.

11.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought.  Even so, the *Petition for Damages* does not comply with the Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La.C.C.P. art. 893(A)(1).

12.

On or about March 6, 2018, Brian Calvit, Esq., counsel for Plaintiff, PLAS HARRIS, emailed undersigned counsel enclosing healthcare records for Plaintiff, PLAS HARRIS.  More specifically, the healthcare records reflect that Plaintiff began treating with Dr. Jorge Isaza at the Spine Specialists of Louisiana on February 1, 2018 for lower back pain and bilateral leg pain following the accident at issue.  Plaintiff had previously sought treatment with North Oaks Medical Center and Dr. Nicholas Cefalu for 10 months of conservative treatment.  Plaintiff had undergone a lumbar MRI in December of 2017 at Imaging Center of Louisiana, which Dr. Isaza

believed showed a disc herniation at L4-5 with central canal stenosis and facet arthropathy at L4-5 and L5-S1.  Dr. Isaza diagnosed Plaintiff with lower back pain, prolapsed lumbar intervertebral disc, spinal stenosis of lumbar region, degeneration of intervertebral disc, stenosis of intervertebral foramina, sacroiliac joint pain, and arthropathy of the lumbar facet joint, and referred Plaintiff to Dr. Graham for an L4-5 ESI with a recommendation for an L4-5 SI joint injection if the initial injection did not provide relief.  **Exhibit "B"**.

13.

It reasonably appears that the alleged injuries and damages claimed by Plaintiff, PLAS HARRIS, as outlined above, exceed the sum of $75,000, exclusive of interest and costs.

14.

Spine injuries vary by severity, though spine injuries, especially herniations, often exceed $75,000.00. Plaintiff's alleged injuries include complaints of a herniated disc with a recommendation for lumbar injections.  Routinely, un-operated herniation awards in Louisiana are in the range of $75,000.00 to $100,000.00 in general damages, or even up to $150,000.00. *Trahan v. Deville*, 2005-1482 (La. App. 3 Cir. 5/10/06), 933 So. 2d 187, on reh'g (July 19, 2006), writ denied, 2006-2103 (La. 11/17/06), 942 So. 2d 534 ($75,000.00 for young woman who undergoes spinal injections and therapy for unspecified neck and back injuries); *Este' v. State Farm Ins. Companies*, 96-99 (La. App. 3 Cir. 7/10/96); 676 So.2d 850 ($75,000.00 for cervical disc herniation, cervical degenerative condition, constant pain); *Smith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) ($80,000.00 for automobile accident which caused moderate disc bulge and depression with ongoing treatment); *Fruge v. Hebert Oilfield Const., Inc.,* 2003-349 (La. App. 3 Cir. 10/1/03), 856 So. 2d 100, *writ denied sub nom. Fruge v. Herbert Oilfield Const., Inc*., 2003-2997 (La. 1/30/04), 865 So. 2d 77 ($100,000.00 for lumbar herniation with possible future

surgery); *Cagle v. Harrah's Lake Charles, LLC*, 2007-653 (La. App. 3 Cir. 12/12/07; 974 So.2d 34. ($150,000.00 for lumbar disc protrusion with radiculopathy with surgical recommendation.).

15.

Moreover, Plaintiff has not stipulated and his *Petition for Damages* does not aver that Plaintiff's causes of action do not exceed $75,000 each, exclusive of interest and costs, nor has he averred or offered the binding stipulations wherein he affirmatively renounces the right to accept judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006) (Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008) (Africk J.). Furthermore, Plaintiff's attorney specifically refused to execute the requested Stipulation. **Exhibit "C".**

16.

On March 20, 2018, counsel for Defendant requested that Plaintiff execute a binding and irrevocable stipulation that the total amount of damages claimed by him in connection with the above-referenced lawsuit does not exceed the sum or value of $75,000, exclusive of interests and costs by March 28, 2018, in order to preclude removal to this court. Plaintiff refused to do so. **Exhibit "C".** Plaintiff's refusal to stipulate constitutes further evidence that the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction.

17.

Accordingly, Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is entitled to remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. §1441 *et seq*., as amended.

18.

The time in which Defendant herein may file a *Petition for Removal* in order to properly

remove this case has not yet expired.  This *Petition for Removal* is filed within thirty days from the day on which the first Defendant was served AND the day on which Plaintiff's attorney provided the "other paper" constituting proof of the amount in controversy – March 6, 2018.

19.

Defendant files herewith a copy of all process, pleadings, and orders served upon them in this action, *in globo*, as **Exhibit "D"**.

20.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate *Notice of Removal* to Plaintiff, PLAS HARRIS, and to the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, by filing of this *Petition for Removal* and the *Notice of Removal* into the record of the state court action.

## **JURY DEMAND**

21.

Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is entitled to and requests a trial by jury on all issues herein.

**WHEREFORE**, defendant, SCHNEIDER NATIONAL CARRIERS, INC., prays that the suit entitled, "*Plas Harris  v. John Doe and Schneider National Carriers, Inc.*," now pending in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, Civil Docket Number 2018-0000590, Division "B", be removed to this, the United States District Court for the Eastern District of Louisiana, and for trial by jury and all just and equitable relief as allowed by law.

Respectfully submitted,

**PERRIER & LACOSTE, L.L.C.**

*/s/ Michael W. Robertson*

_____

**GUY D. PERRIER (#20323)**
**MICHAEL W. ROBERTSON (#31943)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Telephone:  (504) 212-8820
Direct:  (504) 526-1703
Facsimile:  (504) 526-1713
Email: mrobertson@perrierlacoste.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLAS HARRIS | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| JOHN DOE AND | * | MAGISTRATE |
| SCHNEIDER NATIONAL CARRIERS, INC. | * | |
| | * | **JURY TRIAL** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was this day forwarded to:

>Brian D. Calvit, Esq.
>Law Office of Brian D. Calvit, LLC
>7920 Wrenwood Blvd., Ste. F
>Baton Rouge, LA 70809

either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, by email transmission, or via facsimile transmission.

New Orleans, Louisiana, this 2nd day of April, 2018.


*/s/ Michael W. Robertson*

_____

**MICHAEL W. ROBERTSON**